S. E. D. Coutlett et al. v. United States Mortgage
Company of Scotland, Limited, et al.

No. 942. Decided November 12, 1900.

**1. Estates of Decedents—Independent Executor—Fraud.**

The holder of a secured claim against an estate who on receiving payment was
induced by fraud, in which the independent executor of the decedent participated,
to loan the money to one of the heirs upon worthless security, was not entitled, by
reason of such fraud, to be reinstated in her original claim and security against the
estate. (P. 167.)

**2. Same—Pleading—Seeking Alternative Relief—Certified Question.**

The question whether a defendant in foreclosure, a second mortgagee, was entitled
to plead for alternative relief, seeking first to be reinstated in a security formerly
held against codefendants, and, if this was disallowed, as alternative, a first lien
on the property in controversy, or could be required to elect between such remedies,
was not presented on certified questions where such defendant's pleading showed
no right to such reinstatement in security and consequently no choice of remedies
on which to exercise election. (P. 167.)

**3. Certified Question.**

Where the ground on which exceptions to pleadings were sustained was not
stated, the Supreme Court will not undertake to answer on certificate the question
whether the exceptions were properly sustained, the "very question" to be decided
not being certified. (P. 167.)

Questions certified from the Court of Civil Appeals for the Fourth
District, in an appeal from Bexar County.

*C. S. Robinson,* for appellant Coutlett; *H. E. Vernor,* for appellant
Shiner.

*Upson, Newton & Ward,* for appellee United States Mortgage Com-
pany, Limited; *I. B. Henyan,* for appellee Drake; *William Aubrey,* for
appellee G. P. Devine et al.

BROWN, Associate Justice.—The Court of Civil Appeals for the
Fourth District has certified to this court the following statement and
questions:

"The United States Mortgage Company of Scotland, Limited, insti-
tuted this suit against Gregory P. Devine, independent executor of the
estate of Thomas J. Devine, deceased; J. P. Devine and wife, Olive Ann
Devine; Mrs. Kate Florence Elder May, and her husband, D. G. May;
Mrs. Helen Alice Smith and her husband, W. S. Smith; W. S. Smith
as trustee for Albert E. Devine and J. P. Devine; Albert E. Devine;
T. N. Devine and wife, Mary Devine; L. Schulmeyer, William Fincke,
Charles Vogers, Allan McCoy, William Uecker, W. S. Smith, trustee
for S. E. Coutlett and S. E. D. Coutlett; H. E. Vernor, trustee for M.
K. Shiner; M. K. Shiner, John Classen, William Classen, Albert
Theiss, and A. S. Caldwell, and Bolton Smith, trustees, to recover judg-
ment against Gregory P. Devine as executor aforesaid, and J. P. Devine
for the amount of certain debts evidenced by promissory notes and

against all the defendants as to the foreclosure of a mortgage lien on certain property fully described. It will only be necessary to give the defense offered by S. E. D. Coutlett, as the question asked applies to her defense alone."

The Court of Civil Appeals has submitted the entire answer of Mrs. S. E. D. Coutlett, covering about twelve pages, which, in a very voluminous style, presents a great number of defenses not at all connected with the question submitted. We make the following condensed statement of the allegations which bear upon the question submitted for our decision:

Mrs. S. E. D. Coutlett was the holder of a note against J. P. Devine for $5000, with unpaid interest, which was secured by a deed of trust executed and delivered to W. S. Smith and conveying to him 6154.35 acres of land upon which plaintiff sought to foreclose its mortgage. Mrs. Coutlett's deed of trust was executed subsequent to the deed of trust or mortgage sought to be foreclosed by the plaintiff.

Among many other things, Mrs. Coutlett alleged that in the year 1888 J. P. Devine executed and delivered to her his promissory note for $5000, and at the same time executed and delivered to W. S. Smith a deed of trust, conveying to him, in trust to secure the said note, certain property situated in the city of San Antonio known as the "old Herald building," the description of which we omit. It is not distinctly alleged, but we assume, that T. J. Devine died in 1890, leaving a will in which he appointed Gregory P. Devine independent executor, who qualified and took upon himself the administration of the estate under the will; that in the year 1892, Devine & Smith, a firm of lawyers composed of W. S. Smith and A. E. Devine, wrote to her, Mrs. Coutlett, that Gregory P. Devine, executor of Thomas J. Devine, deceased, had on hand money to pay all the debts of the estate and desired to discharge her debt, asking her permission to lend the money before it was paid over, and agreeing that they would take a first lien upon real estate in the city of San Antonio of equal value to the "old Herald building" on which she then held a lien, and guaranteeing to her that her security upon the loan to be made should be as good as it was then. She alleges that this proposition and representation was made by Gregory P. Devine, the executor, through the said Smith & Devine, and that the said Gregory P. Devine and Smith & Devine made the said proposition and representations fraudulently for the purpose of inducing her to change her security and place it upon a less valuable piece of property. She alleges that she was not in the State of Texas at the time and was not informed of the value of the property upon which the deed of trust was subsequently taken and that she trusted to the said Smith & Devine, under their promises to lend the money and take the security. Gregory P. Devine, as executor of Thomas J. Devine, paid over the $5000, which was loaned by Devine & Smith to J. P. Devine and a deed of trust taken upon 6154.35 acres of land involved in this suit, in the name of W. S. Smith as trustee. She alleges that the said land, at the time the

deed of trust was taken, was incumbered for a sum greater than its value and that the security pretendedly taken for her benefit was of no value; that J. P. Devine was insolvent and her debt entirely worthless. The answer contained allegations of fraud on the part of the executor and of Smith & Devine in every phase of the case. The answer contains the following prayer:

" 'That in the event plaintiff is adjudged a first or prior lien to defendant Coutlett on the said 6154.35 acres of land hereinbefore described, then that defendant Coutlett's release of the said mortgage on the said Herald building be adjudged and decreed by this court to have been obtained through fraud and deceit practiced upon her by her said trustee, W. S. Smith, and her said agents, Devine and Smith, acting with Gregory P. Devine, executor of T. J. Devine, deceased, and that this court decree and order that defendant Courtlett's mortgage be reinstated upon said Herald building as it existed on the 5th day of January, 1889, and that the said mortgage lien on the said Herald building be foreclosed as it existed on the 5th day of January, 1889, and that all the right, title, interest, and claim of Gregory P. Devine, executor of Thomas J. Devine, deceased, and of all the heirs at law of Thomas J. Devine, deceased, in said Herald building be sold and the proceeds of such sale be paid over to defendant Coutlett to be credited upon the amount due her upon said $5000 note as hereinbefore described, and if the same shall be insufficient to pay said note, interest, costs, and attorney's fees, then that defendant S. E. D. Coutlett have judgment against Gregory P. Devine as an executor of the estate of Thomas J. Devine, and Devine & Smith, W. S. Smith, and A. E. Devine, for such amount of said note as remains unpaid and due upon the judgment herein given thereon.'

"An exception was sustained to that part of the answer of Mrs. Coutlett asking for a personal judgment against Smith & Devine, a copartnership composed of A. E. Devine and W. S. Smith.

"During the course of the trial, Mrs. Coutlett offered to introduce evidence to establish her allegation of fraud in inducing her to release property belonging to the T. J. Devine estate and to take a mortgage on property already mortgaged to its full value. The testimony was excluded. Mrs. Coutlett then offered to file the following pleading:

" 'On leave of the court to amend her answer, files this her trial amendment amending her fourth amended answer filed herein on April 15, 1899, says:

" 'That she will not proceed to judgment against J. P. Devine and a foreclosure on the 6154.35 acres of land primarily, but now elects to proceed to judgment on the counts in her said answer against the estate of T. J. Devine and Gregory P. Devine, executor, primarily and only in the event she fails on the proof and is unable for the want of proof to establish her said claim against the said estate and the property thereof as a prior lien to all the parties to this suit, then and in

that event only, defendant Coutlett prays in the alternative to recover against J. P. Devine and to foreclose on said land as described and set out in her fourth amended answer, and as she has heretofore done, she now again and in connection therewith, prays for general and special relief.'

"The court refused to permit the plea to be filed.

"Question: Was it proper for Mrs. Coutlett to insist on the foreclosure of her mortgage on the land of J. P. Devine, and also plead in the alternative fraud on the part of Devine & Smith in inducing her to release the mortgage on the property known as the Herald building belonging to the estate of Thomas J. Devine, deceased, and to pray that said property belonging to said estate be subjected to her mortgage and that she have a personal judgment against Devine & Smith, or was she bound to elect between the two mortgages?"

It is distinctly alleged in Mrs. Coutlett's answer that the note of Thomas J. Devine was paid off and discharged in money by the executor, Gregory P. Devine, and that she released the lien of the deed of trust on the old Herald building. This payment certainly discharged the estate of Thomas J. Devine from any further liability to Mrs. Coutlett, but she seeks to hold the estate responsible for the alleged fraudulent acts of the independent executor, Gregory P. Devine, in aiding Devine & Smith to lend the money of the defendant Coutlett upon security not adequate. It is charged that the acts of Devine & Smith and of Gregory P. Devine were fraudulent and done with the intent to injure her, but she nowhere makes any allegation by which the estate of Thomas J. Devine could be held responsible for the fraud of the independent executor. The debt being discharged and the lien released, Mrs. Coutlett could have no right to reinstate the debt against the estate of Thomas J. Devine, which had been paid to her, and to restore the lien which she had released. Therefore, there could be no election whether she would enforce that deed of trust or the deed of trust given to secure the note of J. P. Devine. The question propounded by the Court of Civil Appeals for our decision can not arise in the case, and we therefore have no authority to answer it.

The certificate also embraces the question, did Mrs. Coutlett have the right to maintain a cross-action against Devine & Smith for the damages accruing from their alleged fraudulent acts? The trial court sustained an exception to that part of the answer which sought to recover against Devine & Smith, but the ground of the exception is not stated. We might answer upon the supposition that the exception raised the question of Mrs. Coutlett's right to plead over against Devine & Smith in this action, or we might assume that the exception raised the question of the sufficiency of the allegations contained in the plea. We have no means of determining upon which grounds the exception was based. The "very question" is not certified; therefore, it can not be answered by this court.